IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE LEVIE, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) ) ) ) SEARS ROEBUCK & CO, ALAN J. LACY, ESL ) PARTNERS, L.P. and EDWARD S. LAMPERT, ) ) Defendants. ) | No. 04 C 7643<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Maurice Levie, individually and on behalf of all others similarly situated, brought a three count amended putative class action complaint against defendants Sears Roebuck & Co. and its Chief Executive Officer, President and Chairman of the Board, Alan J. Lacy (the "Sears defendants"), and ESL Partners, L.P. and its controlling person Edward S. Lampert (the "ESL defendants"), alleging violations of §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 204.10b-5. On March 22, 2006, the court denied defendants' motions to dismiss. Levie v. Sears, 2006 WL 756063 (N.D. Ill. 2006). The Sears defendants have moved for reconsideration of the portion of the opinion that relates to them, while the ESL defendants have requested that the court, pursuant to 28 U.S.C. § 1292(b), certify a question for immediate appeal. For the reasons set forth below, both motions are denied.

The Sears Defendants' Motion to Reconsider

Motions to reconsider are not directly authorized in the Federal Rules of Civil Procedure, and are properly conceived inonly very narrow circumstances. Quacker Alloy Casting Co. V. Gulfco Indus. Inc., 123 F.R.D. 282, 288 (N.D. Ill. (1988). They are appropriate, for example, where the court has patently misunderstood a party, or has made an error not of reasoning, but of apprehension. Id. A controlling or significant change in the law or facts since the issue was presented to the court will also support such a motion. Id.; Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F2d. 1185, 1191 (7th Cir. 1990). The purpose is not, as Sears attempts, to re-litigate arguments previously considered by the court. See Oto v. Metro. Life Ins. Co., 224 F3d. 601, 606 (7th Cir. 2000).

In their original motion to dismiss, the Sears defendants argued that the amended complaint should be dismissed for two reasons: (1) it failed to allege a duty to disclose the merger negotiations; and (2) it failed to allege scienter. The court rejected both propositions. The Sears defendants now take issue with the court's decision as to the first proposition, arguing that the court "made two manifest errors of law." It is the Sears defendants, however, who have manifestly erred, either by failing to comprehend the court's opinion or by intentionally misreading it. Either way, their motion lacks merit.

The Sears defendants start by arguing that the court erroneously relied on the Supreme Court's decision in Basic v. Levinson, 458 U.S. 224 (1988), to conclude that they had a duty to disclose the merger negotiations between Sears and Kmart. That is a drastic mischaracterization of the court's opinion. The court analyzed Basic to determine if and/or when the merger negotiations became material. The court held that under Basic, when the merger negotiations

2

became material is a question of fact to be decided by a jury. There is simply nothing in the court's March 22, 2006, memorandum opinion stating, or even suggesting, that the court relied on its discussion of Basic to conclude that the Sears defendants in fact had a duty to disclose the merger. Instead, the court held that a jury could find that the merger discussions became material at a time when the Sears defendants were publically stating that their plans for the future direction of the company was to purchase Kmart stores, and that the existence of the merger negotiations was a material fact necessary to make the statements made not misleading. Contrary to the Sears defendants' argument in their motion to reconsider, the court never held that every material fact must be disclosed; it merely held that telling the public that Sears' plan was to purchase Kmart stores when in fact the plan was for Kmart to purchase Sears could be misleading. Thus, for purposes of a Rule 12(b)(6) motion, plaintiff has alleged sufficiently a duty to disclose.

In this regard, the Sears defendants' reliance on Holstein v. Armstrong, 751 F. Supp. 746 (N.D. Ill. 1980), is entirely misplaced. In Holstein, the plaintiffs argued that the mere fact that merger negotiations became material, in the absence of any statements made by the defendants, created a duty to disclose. Put another way, the plaintiffs in Holstein argued that silence alone is actionable. Id. In the instant case, in contrast, the Sears defendants made affirmative public announcements about their plans to pull Sears out of a tailspin by purchasing stand-alone Kmart stores. If, at the time those statements were made, the merger negotiations were material, a reasonable jury could find that disclosure of the negotiations was necessary to make the statements made not misleading. The Sears defendants' argument that the purchase by Sears of Kmart stores and the purchase of Sears by Kmart were two wholly unrelated events is hotly

3

contested and cannot be decided on a motion to dismiss. The Sears defendants' motion to reconsider is denied.

The ESL Defendants' Motion for Certification

In Count I of the complaint, plaintiff alleges that the ESL defendants have violated § 10(b) and Rule 10b-5 by failing to amend the July 1, 2004, Schedule 13G or to file an accurate Schedule 13D once ESL Partners had formulated an intent to effect the change and control of Sears. In their motion to dismiss, the ESL defendants argued that the count failed to state a claim because there is no private right of action for damages under § 13(d), and that the exclusive remedy for a violation of § 13(d) is a claim under §18(a), 15 U.S.C. § 78t(a), which provides an explicit remedy to shareholders who purchased or sold securities in reliance on a false or misleading statement in a § 13(d) filing. After noting that some courts had concluded that § 18(a) provides the exclusive remedy for violations of § 13(d), the court nonetheless denied the ESL defendants' motion, holding that plaintiff's claims that defendants "failed to file" the required schedules fall outside of §18(a), which provides a remedy to persons who purchased or sold securities in reliance on statements in an SEC filing that was false or misleading at the time it was made. Because plaintiff does not claim that the ESL defendants' statement was false when made, plaintiff's claim falls outside of § 18(a).

The ESL defendants now ask the court to certify for immediate appeal the following question: "Whether § 18(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78r(a), provides the exclusive remedy for a plaintiff alleging a stock owner's untimely amendment of a statement filed pursuant to § 13(d) or § 13(g), 15 U.S.C. §§ 78m(d) or (g), and therefore precludes a remedy under § 10(b), 15 U.S.C. § 78(j)(b), Rule 10b-5, 17 C.F.R. § 240.10b-5."

This court may certify under 28 U.S.C. § 1292(b), an interlocutory order for immediate appeal if the order: (1) involves a controlling question of law; (2) to which there is a substantial ground for difference of opinion; and (3) intermediate appeal may material advance the ultimate termination of the litigation. Ahrenholz v. Board of Trustees of the University of Illinois, 219 F.3d 674, 675 (7th Cir. 2000).

There is no question that the court's ruling involves a controlling question of law. There is serious doubt, however, about the second factor. It does not appear that there is any substantial ground for difference of opinion. The ESL defendants argue that this factor is met because the court noted in its original opinion that no court of appeals has squarely addressed the issue of whether § 18(a) provides the exclusive remedy for violations of § 13(d). The court then held, however, that resolution of the issue is unnecessary because plaintiff's claims were based on a failure to file and were outside the scope of § 18(a).

The ESL defendants assert that the court's ruling on that issue was erroneous, arguing that the Schedule 13D filed by the defendants was continuous in nature, and thus the statements made in it were repeated or "remade" each day the Schedule remained on file until it was amended. Thus, the ESL defendants argue that plaintiff really is asserting a claim based on a false or misleading statement in a document, which must be brought exclusively under § 18(a). That is incorrect. Plaintiff is not alleging that the Schedule 13D, which is a dated document, was misleading when made, but rather that defendants "failed to file" required amendments or updated documents. Thus, plaintiff did not "rely" on the original Schedule 13D, but on the fact that the ESL defendants never filed an amendment. To this court's knowledge no case has held that § 18(a) provides the exclusive remedy for a "failure to file" case. Indeed the only cases to

5

address the issue have held just the opposite.  See DeWitt v. American Stock Trans Co., 433 F. Supp. 994 (S.D.N.Y. 1997); see also In re Luxottica Group S.A. Sec. Litig., 293 F. Supp.2d 224, 234 (S.D.N.Y. 2003) (10b-5 claim can be based on a false and misleading Schedule 13D or a failure to timely file a Schedule 13D).  As this court noted in its original decision, because plaintiff's claims do not fall within the plain wording of § 18(a) there is no substantial ground for difference of opinion on this issue. The ESL defendants' motion for certification is denied.

## CONCLUSION

For the reasons set forth above, the Sears defendants motion of reconsideration and the ESL defendants motion to certify for immediate appeal are denied.


**ENTER:** **July 5, 2006**

_____
**Robert W. Gettleman**
**United States District Judge**